Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
Attorneys for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

04/16/2014 at 09:30:28 AM

Clerk of the Superior Court
By Angelina Nguyen-Do,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ORANGE
LIMITED JURISDICTION

| | |
|---|---|
| SUSAN MORREY,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 30-2014-00717018-CL-NP-CJC<br><br>COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT<br><br>(Amount not to exceed $10,000)<br><br>1. Violation of Rosenthal Federal Fair Debt Collection Practices Act<br>2. Violation of Fair Debt Collection Practices Act |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. PARTIES

2. Plaintiff, Susan Morrey ("PLAINTIFF"), is a natural person residing in Orange County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, DEFENDANT, Midland Credit Management, Inc. ("DEFENDANT"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from PLAINTIFF which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). DEFENDANT regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4. At various times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, DEFENDANT contacted PLAINTIFF in an attempt to collect an alleged outstanding debt.

5. On or about August 15, 2013, Plaintiff received a statement from Defendant stating that she owed money to Defendant. Defendant did not notify Plaintiff of her right to dispute the debt or request validation of the debt in that letter.

6. On or about August 15, Plaintiff called the number on Defendant's letter and spoke to Elizabeth, an employee of Defendant. Plaintiff told Elizabeth that the original debt was not valid and had been in dispute over six years earlier. Elizabeth told Plaintiff that she did not care, and that as long as the debt was listed on Plaintiff's credit report, Defendant considered the debt valid.

7. Plaintiff has since disputed the alleged debts with both Defendant and the credit reporting agency. Defendant has failed to provide validation of any of the three accounts it has in Plaintiff's name. Defendant has continued to attempt to collect the accounts from Plaintiff.

8. On November 25, 2013, Plaintiff's counsel sent a notice of representation and request for validation to Defendant. Defendant has not responded to that letter at this time.

9. Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

b) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8));

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10));

d) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f); and

e) Failing to provide Plaintiff with the notices required by 15 USC §1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§1692g(a)).

10. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

12. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees,
    D.    For such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

13.    Plaintiff reincorporates by reference all of the preceding paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages;
    C.    Costs and reasonable attorney's fees; and,
    D.    For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 14th day of April, 2014.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff